UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE KERSEY,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>DONALD TRUMP,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　No. 1:24-cv-11943-JEK<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**KOBICK, J.**

George Kersey, who is proceeding *pro se*, filed this suit against President Donald Trump, alleging that Trump orchestrated his own attempted assassination at a rally held on July 13, 2024. *See* ECF 1, ¶ 1. The complaint does not, however, allege that Kersey was personally harmed by Trump. Nor does it specify any cause of action or request any relief.

Kersey avers that he is unable to pay the costs of these proceedings and has moved for leave to proceed *in forma pauperis*. ECF 2. His affidavit states that social security payments provide his only income and that he possesses minimal assets. *Id.* The Court thus finds that Kersey is indigent and will allow his motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1).

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts," *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), but also authorizes courts to dismiss a complaint filed *in forma pauperis* if, among other things, the action: (i) "is frivolous or malicious;" or (ii) "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B). A complaint is "frivolous" when it "lacks an arguable

basis either in law or in fact." *Neitzke*, 490 U.S. at 325. Dismissals under § 1915(e)(2)(B) "are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324. Where, as here, the plaintiff is proceeding *pro se*, the Court will construe his complaint liberally, accept as true all well-pled, non-conclusory allegations in the complaint, and draw all reasonable inferences in his favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

Applying these standards, Kersey's complaint is frivolous and must be dismissed for lack of standing. Article III of the United States Constitution provides that federal courts may only exercise jurisdiction over cases and controversies. U.S. Const. art. III, § 2. Federal courts have an independent obligation to inquire into their jurisdiction in every case. *See Fideicomiso De La Tierra Del Cano Martin Pena v. Fortuño*, 604 F.3d 7, 15-16 (1st Cir. 2010). "That obligation extends to determining whether a party has constitutional standing to sue." *Id.* at 16. "To establish standing, a plaintiff must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling." *Horne v. Flores*, 557 U.S. 433, 445 (2009). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). "Injuries that are too 'widely shared' or are 'comparable to the common concern for obedience to law' may fall into the category of generalized grievances about the conduct of government." *Lyman v. Baker*, 954 F.3d 351, 361 (1st Cir. 2020) (quoting *Becker v. Fed. Election Comm'n*, 230 F.3d 381, 390 (1st Cir. 2000)).

Kersey lacks standing to bring this action because, among other things, the complaint does

not allege a particularized injury. *See Spokeo*, 578 U.S. at 339. Kersey does not allege that he was personally injured by Trump's alleged misconduct. *See generally* ECF 1. The complaint instead evinces a "common concern for obedience to [the Constitution]." *Lyman*, 954 F.3d at 361; *see* ECF 1, ¶ 12 ("Plaintiff served in the U.S. Army and took an oath to defend the Constitution. This Complaint is part of that defense."). Such a concern does not constitute a cognizable injury under Article III because it "fall[s] into the category of generalized grievances about the conduct of government." *Lyman*, 954 F.3d at 361. The complaint therefore lacks an arguable basis in law, *Neitzke*, 490 U.S. at 325, and must be dismissed as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION AND ORDER

For the foregoing reasons, Kersey's motion for leave to proceed *in forma pauperis*, ECF 2, is GRANTED, and this action is DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as frivolous for lack of standing. The Court further CERTIFIES that any appeal of this Memorandum and Order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").[1]

SO ORDERED.

Dated: February 12, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

---

[1] "Good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is demonstrated when a litigant seeks "appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous if "no reasonable person could suppose [it] to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).